UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Somphet Siphengphone,<br><br>                                   Plaintiff,<br><br>v.<br><br>Wells Fargo Bank, N.A., et al.,<br><br>                                  Defendants. | Case No.:  17-cv-02117-JAH-MDD<br><br>**ORDER GRANTING DEFENDANT CLEAR RECON'S UNOPPOSED MOTION TO DISMISS** |

## INTRODUCTION

Pending before this Court is Defendant Clear Recon Corporation's ("Clear Recon") Motion to Dismiss for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Doc. No. 9]. Plaintiff did not file an opposition to the Motion to Dismiss. After a careful review of the pleadings filed by Clear Recon, along with the entire record of this matter, this Court **GRANTS** Clear Recon's unopposed Motion to Dismiss.

## BACKGROUND

Plaintiff originally filed the instant complaint in the Superior Court of California on August 31, 2017. See Doc. No. 1. On October 16, 2017, the case was removed to this Court. Id. On November 7, 2017, Clear Recon filed a Motion to Dismiss and a hearing date was

scheduled for January 29, 2018. See Doc. No. 9. Plaintiff has yet to file an opposition to the Motion to Dismiss, and the time frame permitting such filing has lapsed.

## **DISCUSSION**

The Ninth Circuit has held that a district court may properly grant a motion to dismiss as unopposed pursuant to a local rule where the local rule permits, but does not require the granting of a motion for failure to respond. See generally, Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) (affirming dismissal for failure to timely file opposition papers). Civil Local Rule 7.1(f.3.c) expressly provides that "[i]f an opposing party fails to file the papers in the manner required by Local Rule 7.1(e.2), that failure may constitute a consent to the granting of that motion or other request for ruling by the court." Since Clear Recon's Motion to Dismiss is set for hearing on January 29, 2018, Local Rule 7.1(e.2) required Plaintiff to file an opposition no later than January 15, 2018. To date, Plaintiff has neither filed an opposition nor sought additional time to do so.

Prior to granting an unopposed motion for dismissal, the Court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Ghazali, 46 F.3d at 53 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). The Ninth Circuit has recognized that the first and fourth factors cut in opposite directions. See Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (first factor always weighs in favor of dismissal); Hernandez v. City of El Monte, 138 F.3d 393, 401 (9th Cir. 1998) (fourth factor counsels against dismissal).

After a review of the record, this Court finds that the second factor weighs in favor of dismissal. As the court noted in Yourish, the routine noncompliance of litigants should not prevent the court from managing its docket. Yourish, 191 F. 3d 990. Plaintiff has failed to comply with one of the most basic requirements of litigation and to date has offered no justification for failing to respond to Clear Recon's Motion to Dismiss. Plaintiff's failure to address the Motion to Dismiss also supports a finding of prejudice towards Clear Recon,

2

and weighs in favor of dismissal. Finally, with respect to whether less drastic measures have been considered, in the interest of lessening the sanction imposed on Plaintiff, the Court will grant Clear Recon's Motion to Dismiss without prejudice. Thus, this Court finds the factors weigh heavily in favor of granting Clear Recon's Motion to Dismiss.

## CONCLUSION AND ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Clear Recon's unopposed Motion to Dismiss [Doc. No. 9] is **GRANTED**;
2. As to Clear Recon, the instant complaint is **DISMISSED without prejudice**; and
3. The hearing date scheduled for January 29, 2018, in front of this Court, is **VACATED**.

**IT IS SO ORDERED.**

DATED: January 19, 2018

_____
JOHN A. HOUSTON
United States District Judge

3

17-cv-02117-JAH-MDD