UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Somphet Siphengphone,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>Wells Fargo Bank, N.A., et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 17-cv-02117-JAH-MDD<br><br>**ORDER GRANTING DEFENDANT WELLS FARGO, N.A.'S MOTION TO DISMISS** |

## **INTRODUCTION**

Pending before this Court is Defendant Wells Fargo Bank, N.A.[1] ("Defendant" or "Wells Fargo") Motion to Dismiss the complaint for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Doc. No. 3]. After a careful review of the parties' submissions, and for the reasons set forth below, this Court **GRANTS** Defendant's Motion to Dismiss.

---

[1] f/k/a Wells Fargo Bank Southwest, N.A., f/k/a/ Wachovia Mortgage, FSB f/k/a World Savings Bank, FSB.

1

# BACKGROUND

## 1. Factual Background[2]

The instant complaint, filed by Somphet Siphengphone ("Plaintiff"), stems from three loans secured by Plaintiff to finance the purchase of a home at 2854 Whitney Street, San Diego, California 92111. The first loan for $352,500 was made by World Savings Bank, FSB on or about December 13, 2004 ("First Loan"). Plaintiff executed a promissory note and the first Deed of Trust, which was recorded in the official records of the County of San Diego Recorder's office on December 17, 2004. This loan was the first lien mortgage on the property.

On or about October 25, 2005, Plaintiff received additional financing of $50,000 secured to the home on Whitney Street via a loan issued by Secured Funding Corporation ("Second Loan"). This loan was the second lien mortgage on the property. Plaintiff executed a promissory note and the second Deed of Trust, which was recorded on November 8, 2005. On or about March 7, 2017 Plaintiff obtained a third loan, up to the maximum principal amount of $50,800, issued by World Savings Bank, FSB ("Third Loan"). This third loan was an Open End Deed of Trust[3], and was recorded in the official records of the County of San Diego Recorder's office on March 14, 2007.

A series of loan reconveyances and trustee substitutions followed in April of 2007 and December of 2013. On or about December 18, 2013, the first Notice for Default and Election of Sell Under Deed of Trust was filed in the official records of the County of San Diego Recorder's office by Cal-Western Reconveyance, LLC. ("Cal-Western"). Defendant elected Cal-Western as substitute trustee for the first deed of trust.

---

[2] The Factual Background is derived from Plaintiff's complaint. In a Motion to Dismiss, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002).
[3] Open End Deed of Trust – Operates as an equity line of credit taken against a particular property; a "borrower may incur maximum unpaid loan indebtedness (exclusive of interest thereon) in amounts fluctuating from time to time up to a maximum principal sum [amount] outstanding at any time, which is due and payable [on or before a particular date]." [Doc. No. 1 Pg. 70].

Plaintiff alleges that in June of 2016, he submitted an application for loan modification on the First Loan, and was firmly denied by Defendant. On or about June 14, 2017, a third Substitution of Trustee was recorded with the County Recorder's office, the first Notice of Default was rescinded, and a second Notice of Default and Election of Sell Under Deed of Trust was filed in the official records of the County of San Diego Recorder's office.

**2. Procedural Background**

Plaintiff originally filed the instant complaint in the Superior Court of California on August 31, 2017 alleging violations of the California Homeowner Bill of Rights ("HBOR"), specifically California Civil Code §§ 2923.55, 2923.7, 2924.12, breach of contract, breach of the covenant of good faith and fair dealing, negligence, and unfair business practices. See Doc. No. 1. On October 16, 2017, the case was removed to this Court. Id. On October 23, 2017, Defendant filed the instant Motion to Dismiss, contesting all of Plaintiff's claims. See Doc. No. 3. Plaintiff filed an opposition to the Motion to Dismiss on November 20, 2017. [Doc. No. 11]. Defendant filed a reply in support of the Motion to Dismiss on December 04, 2017. [Doc. No. 12]. On December 6, 2017 the Defendant's Motion was taken under submission as it was deemed suitable for adjudication without oral argument.

**DISCUSSION**

**I. Legal Standard**

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984); See Neitzke v. Williams, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. Robertson, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," he must plead

sufficient facts that, if true, "raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 545 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009) (<u>quoting</u> <u>Twombly</u>, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> In other words, "the nonconclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief. <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Iqbal</u>, 129 S.Ct. at 1950.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. <u>Thompson v. Davis</u>, 295 F.3d 890, 895 (9th Cir. 2002); <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336, 337–38 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. <u>Ileto v. Glock, Inc.</u>, 349 F.3d 1191, 1200 (9th Cir. 2003); <u>Western Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981). When ruling on a motion to dismiss, the Court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the Court takes judicial notice. <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688–89 (9th Cir. 2001). If a court determines that a complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts. <u>See</u> <u>Doe v. United States</u>, 58 F.3d 494, 497 (9th Cir. 1995).

\\
\\

## II. Analysis

The purpose of the HBOR, as articulated in California Civil Code 2923.4(a), is to ensure, ". . . as part of the nonjudicial foreclosure process, [that] borrowers are considered for, and have a meaningful opportunity to obtain, available loss mitigation options . . . ." Plaintiff was provided and, admittedly, later defaulted on a loan modification. See Doc. No. 11, pg. 5. Given this default, Plaintiff is not entitled to the protection outlined in the HBOR, as discussed below.

1. **Violation of California Civil Code 2923.55**

California Civil Code 2923.55 requires that a loan servicer must contact the borrower, or make diligent attempts to contact the borrower, before recording a notice of default. The provision explicitly states that a notice of default may not be recorded until the lender has attempted a series of measures aimed at informing the borrower of the situation, providing adequate notice of the situation and/or notice of the lender's proposed actions moving forward[4]. Additionally, the provision explicitly requires that a mortgage servicer comply with California Civil Code 2923.6(c), which outlines a lender's required actions if the borrower has completed a first lien loan modification application. Both California Civil Code sections 2923.55 and 2923.6 require that lenders provide at least 30 days between the date of notice and proceeding with foreclosure measures, which includes the recording of a notice of default. However, 2923.6(c)(3) specifically excuses a lender from the 30 day notice requirement and allows the lender to proceed with the recordation of a notice of default if a borrower has defaulted on a prior loan modification. As discussed in <u>Deschiane v. IndyMac Mortg. Services</u>, the Ninth Circuit held that "[when a] borrower accepts a written first lien loan modification, but defaults on, or otherwise breaches the borrower's obligations under the first lien loan modification" the lender may pursue

---

[4] <u>See</u> California Civil Codes 2923.55 §§ (a)(2); (b)(1)(A); (b)(1)(B)(2); (f)(1); (f)(2)(A); (f)(2)(C)(3)-(5)

5

17-cv-02117-JAH-MDD

foreclosure procedures on future defaults without providing the required 30 day notice. 617 Fed.Appx. 690, 693 (2015) (citing California Civil Code 2923.6(c)(3)).

An analysis of the legislature's intent in enacting the HBOR is informative and supports the Ninth Circuit's justification. The California Legislature enacted the HBOR to ensure that "borrowers who may qualify for a foreclosure alternative are considered for, and *have a meaningful opportunity to obtain*, available loss mitigation options." California State Assembly No. 278/Senate Bill No. 900 Sec. 1(b). Clearly the intent was to inform and educate borrowers faced with an impending foreclosure, and was not envisioned as a tool or tactic for delaying foreclosure proceedings, particularly when a borrower has previously defaulted on a loan modification. Deschaine, 617 Fed.Appx. at 693 & 694 (". . . the mortgage servicer shall not be obligated to evaluate applications from borrowers who have already been afforded a fair opportunity to be evaluated for a first lien loan modification prior to January 1, 2013"). In other words, once a borrower defaults on a first loan modification, that borrower has been afforded a fair opportunity to be evaluated, and the lender is not obligated to offer the borrower the same benefits as those seeking foreclosure alternative remedies for the first time. Plaintiff admits to receiving and defaulting on a loan modification initiated in 2009. See Doc. No. 11, at pg. 5. As such, Plaintiff is not entitled to this statutory protection.

Plaintiff further contends that Defendant is "obligated to review subsequent applications where there has been a material change in the borrower's financial circumstances." (citing Cal. Civ. Code 2923.6(g)). Doc. No. 11, pg. 5. Courts have acknowledged this obligation, however, in order to qualify for review the borrower must demonstrate that he "documented and submitted evidence of a material change to [Defendant]." Shaw v. Spucialized Loan Servicing, LLC, No. 14-CV-00783-MMM, 2014 WL 3362359, at *6; see also Mann v. Bank of America, N.A., No. 13-CV-02293-CAS(DTBx), 2014 WL 495617, at *4 (". . . plaintiffs have not sufficiently alleged that they provided . . . the required documentation showing the alleged material change in . . . borrower's financial circumstances."); Dias v. JP Morgan Chase, N.A., No. 13-CV-05327-

6

EJD, 2014 WL 2890255, at *3 ("... [there is] an exception when there has been a material change in the borrower's financial circumstances since the date of the borrower's previous application and that change is documented by the borrower and submitted to the mortgage servicer.") (internal quotations omitted). Plaintiff fails to allege that he made any attempts to inform Defendant of his change in financial circumstances. For Plaintiff to survive Defendant's Motion to Dismiss his "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal 129 S.Ct. 1937 at 1949 (2009) (quoting Twombly, 550 U.S. at 547). Here, Plaintiff's complaint, on its face, does not contain the sufficient factual matter that would permit this Court to make the plausible inference that the necessary documentation was submitted to Defendant, informing it of his changed financial circumstances. Accordingly, Plaintiff's California Civil Code 2923.55 claim is **DISMISSED without prejudice**.

### 2. Violation of California Civil Code 2923.7(a)

California Civil Code 2923.7(a) requires mortgage servicers, upon request from a borrower, promptly establish a single point of contact to facilitate communications, and provide to the borrower one or more direct means of communication with the single point of contact. For reasons previously discussed above, Plaintiff is not entitled to any of the statutory protections given his prior default on a modified loan. Deschiane, 617 Fed.Appx. at 694 (citing California Civil Code 2923.6(g)). ("Deschaine defaulted under the original loan agreement and defaulted again under the loan Modification Agreement . . . Thus, Deschaine was not entitled to this statutory protection"). As stated above, the HBOR was enacted to educate borrowers on the alternatives to foreclosure, and to provide them with a meaningful opportunity to understand their options. Here, Plaintiff has previously been provided that opportunity, and subsequently defaulted, which places Plaintiff outside of the statutory protection. Accordingly, Plaintiff's California Civil Code 2923.7(a) claim is **DISMISSED without prejudice**.

\\
\\

### 3. Violation of California Civil Code 2924.12

California Civil Code 2924.12 provides that a borrower may bring an action for injunctive relief to enjoin material violations of Sections 2923.55, 2923.6, and 2923.7, where a trustee's deed upon sale has not been recorded. The term "material" is not defined in the HBOR[5], however, courts within the Ninth Circuit have held "the term 'material' to refer to whether the alleged violation affected a plaintiffs loan obligations or the modification process." Punay v. PNC Mortgage at *8 (citing Cornejo v. Ocwen Loan Servicing, LLC, 151 F. Supp. 3d 1102, 1113 (E.D. Cal. 2015); see also Hsin-Shawn Sheng v. Select Portfolio Servicing, Inc., No. 2:15-CV-0255-JAM-KJN, 2015 WL 4508759, at *3 (E.D. Cal. July 24, 2015); Gonzales v. Citimortgage, Inc., No. C-14-4059 EMC, 2015 WL 3505533, at *6 (N.D. Cal. June 3, 2015)). As discussed above, Plaintiff was granted a modification to his original loan agreement in 2009, on which he defaulted. Plaintiff contends that he submitted a subsequent loan modification in 2016, which was "denied" [See Doc. No. 1 at pg. 19]. Plaintiff has not alleged facts evidencing his loan obligations or modification process was affected by Defendant's acts. Regardless, Plaintiff is not entitled to the statutory protections given his prior default on a loan modification and failure to allege a material change in is financial circumstances that was communicated to Defendant. Accordingly, Plaintiff's California Civil Code 2924.12 claim is **DISMISSED without prejudice**.

### 4. Breach of Contract

In California, to state a claim for breach of contract, a plaintiff must allege "(1) existence of the contract; (2) plaintiff's performance or excuse for non-performance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." CDF Firefighters v. Maldonado, 158 Cal.App.4th 1226, 1239 (2008). Plaintiff alleges that certain provisions in the Deed of Trust were breached by Defendant, specifically "Paragraph 26 of the Deed

---

[5] California Assembly Bill 278/Senate Bill 900 does contain a section dedicated to definitions, 2920.5, but this section only defines 'Mortgage Servicer,' 'Foreclosure Prevention Alternative,' and 'First Lien.'

8

of Trust. . ." See Doc. No. 1, at pg. 25. Plaintiff attached the subject Deed of Trust in question to his complaint. Pursuant to Federal Rule of Civil Procedure 10(c), "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Paragraph 26, of the Deed of Trust provides that, "If Lender exercises the option to require immediate payment in full, Lender will give [Borrower] notice of acceleration." Plaintiff alleges that said notice is required "*prior* to acceleration." Id. at pg. 25. Defendant argues that paragraph 26 "only requires a notice if the lender wants to accelerate the loan due to an improper transfer of title to the secured property." See Doc. No. 3-2, pg. 18. Defendant maintains that Plaintiff received a proper notice of default on the loan, embodied in the official recordation of the Notice of Default. Id. at pg. 18. Also according to Defendant, paragraph 28 of the Deed of Trust excuses the lender from providing notice of a Breach of Duty[6] if "(i) [Petitioner does] not pay the full amount of each monthly payment on the date it is due . . . .") See Doc. No. 1, pg. 45. As such, the Deed of Trust, explicitly excuses the lender from notifying the borrower of any default when there has been a breach by the borrower. Accordingly, Plaintiff's Breach of Contract claim is **DISMISSED with prejudice.**

### 5. Breach of the Covenant of Good Faith and Fair Dealing

It has long been recognized in California that every contract contains an implied covenant of good faith and fair dealing, ensuring that "neither party will do anything which will injure the right of the other to receive the benefits of the agreement." Kransco v. American Empire Surplus Lines Ins. Co., 23 Cal.4th 390, 400 (2000) (internal citation omitted). This covenant is "read into contracts "in order to protect the express covenants or promises of the contract, not to protect some general public policy interest not directly tied to the contract's purpose.' " Carma Developers (Cal.), Inc v. Marathon Development California, Inc., 2 Cal.4th 342, 373 (1992) (quoting Foley v. Interactive Data Corp., 47 Cal.

---

[6] The Deed of Trust defines "Breach of Duty" as a failure to make payments.

9

3d 654, 683 (1988)). However, the implied covenant will only be recognized to further the contract's purpose, and will not be read into a contract to prohibit a party from doing that which is expressly permitted by the agreement itself. Carma Developers, 2 Cal.4th at 374 ("The general rule [regarding the covenant of good faith] is plainly subject to the exception that the parties may, by express provisions of the contract, grant the right to engage in the very acts and conduct which would otherwise have been forbidden by an implied covenant of good faith and fair dealing") (internal citation and quotations omitted). This principle is consistent with the general rule that implied terms cannot vary the express terms of a contract. If the defendant did what it was expressly given the right to do, there can be no breach. Id.; see also Tanner v. Title Insurance & Trust Co., 20 Cal.2d 814, 824 (1942). Plaintiff again contends that paragraph 26 of the Deed of Trust entitled him to notice of his loan default, prior to loan acceleration. See Doc. No. 1, at pg. 27. However, as stated above, per the guidelines of paragraph 28 of the Deed of Trust, Defendant was contractually excused from providing Plaintiff notice where Plaintiff breached his duty to make timely mortgage payments in full. Accordingly, Plaintiff's Breach of Implied Covenant of Good Faith and Fair Dealing claim is **DISMISSED with prejudice**.

### 6. Negligence

"The elements of a cause of action for negligence are (1) a legal duty to use reasonable care, (2) breach of that duty, and (3) proximate [or legal] cause between the breach and (4) the plaintiff's injury." Mendoza v. City of Los Angeles, 66 Cal.App.4th 333, 1339, 78 Cal.Rptr.2d 525 (1998) (citation omitted). "The existence of a duty of care owed by a defendant to a plaintiff is a prerequisite to establishing a claim for negligence." Nymark v. Heart Fed. Savs. & Loan Ass'n, 231 Cal. App. 3d 1089 (1991). "[A]bsent a duty, the defendant's care, or lack of care, is irrelevant." Software Design & Application, Ltd. v. Hoefer & Arnett, Inc., 49 Cal.App.4th 472, 481, 56 Cal.Rptr.2d 756 (1996). "The existence of a legal duty to use reasonable care in a particular factual situation is a question of law for the court to decide." Vasquez v. Residential Investments, Inc., 118 Cal.App.4th 269, 278, 12 Cal.Rptr.3d 846 (2004) (citation omitted). "The 'legal duty' of care may be

of two general types: (a) the duty of a person to use ordinary care in activities from which harm might reasonably be anticipated, [or] (b) [a]n affirmative duty where the person occupies a particular relationship to others . . . . In the first situation, he is not liable unless he is actively careless; in the second, he may be liable for failure to act affirmatively to prevent harm." <u>McGettigan v. Bay Area Rapid Transit Dist.</u>, 57 Cal.App.4th 1011, 1016–1017 (1997).

Here, Plaintiff alleges that Defendant "had a specific duty to notice Plaintiff of Default and how to cure it . . . following their missed mortgage payment" as stated in the Deed of Trust. <u>See</u> Doc. No. 1, at pg. 28. However, this Court has reviewed the Deed of Trust and the document imparts no such duty. As stated above, the Deed of Trust explicitly excuses the Defendant from any duty to notify once the Plaintiff has breached his duty to make full and timely mortgage payments. <u>See</u> Doc. No. 1, pg. 45. Plaintiff has failed to properly allege a claim for negligence, and as such, Plaintiff's claim is **DISMISSED with prejudice**.

### 7. <u>Unfair Business Practices</u>

Claims alleged under the Unfair Competition Law (UCL) require the allegations to state particular facts that demonstrate an "ongoing unlawful, unfair and fraudulent business acts" by Defendant. <u>Korea Supply Co. v. Lockheed Martin Corp.</u>, 29 Cal.4th 1134, 1143 (2003). Further, if a plaintiff "cannot state a claim under the 'borrowed' law, he or she cannot state a UCL claim either." <u>Id.</u> (citing <u>Ingels v. Westwood One Broad Servs., Inc.</u>, 129 Cal. App. 4th 1050, 1060 (2005) ("A defendant cannot be liable under § 17200 for committing unlawful business practices without having violated another law.")). Plaintiff asserts that Defendant's alleged omissions, various breaches, and violations of the HBOR, are evidence of Defendant engaging in unfair business practices. <u>See</u> Doc. No. 1, pg. 29. Defendant asserts this claim fails for lack of a predicate act. <u>See</u> Doc. No. 3-2, pg. 25. This Court agrees. Plaintiff has not alleged ongoing unlawful, unfair, or fraudulent conduct by Defendant. Accordingly, Plaintiff's claim under the UCL is **DISMISSED without prejudice**.

## **CONCLUSION AND ORDER**

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Defendant's motion to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is **GRANTED**;
2. Plaintiff's claims against Defendant for violation of (1) breach of contract, (2) breach of the covenant of good faith and fair dealing, and (3) negligence are **DISMISSED with prejudice**;
3. All remaining claims are **DISMISSED without prejudice**;
4. To the extent that Plaintiff is able to cure the noted deficiencies, Plaintiff may file a Second Amended Complaint **within twenty-one (21) days** from the date of this Order.

**IT IS SO ORDERED.**

DATED: April 30, 2018

_____
JOHN A. HOUSTON
United States District Judge